UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

FEDERAL HOME LOAN BANK OF
PITTSBURGH,

                Plaintiff,

vs.

J.P. MORGAN SECURITIES INC., J.P. MORGAN
MORTGAGE ACQUISITION CORP., JP MORGAN
MORTGAGE ACCEPTANCE CORPORATION I,
CHASE HOME FINANCE L.L.C., CHASE
MORTGAGE FINANCE CORPORATION, J.P.
MORGAN CHASE & CO., MOODY'S
CORPORATION, MOODY'S INVESTOR
SERVICE, INC., THE MCGRAW-HILL
COMPANIES, INC., and FITCH, INC.,

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

No. 09 Civ. _____

**NOTICE OF REMOVAL**

      PLEASE TAKE NOTICE that, on this date, specially appearing Defendants J.P. Morgan Securities Inc., J.P. Morgan Mortgage Acquisition Corp., J.P. Morgan Mortgage Acceptance Corporation I, Chase Home Finance L.L.C., Chase Mortgage Finance Corporation, and J.P. Morgan Chase & Co., (the "J.P. Morgan Defendants"),[1] and Defendants Moody's Corporation, Moody's Investors Service, Inc. (which was incorrectly sued as Moody's Investor Service, Inc.), The McGraw-Hill Companies, Inc., and Fitch, Inc., ("the Rating Agency Defendants" and together with the J.P. Morgan Defendants, the "Removing Defendants"), by and through their respective undersigned attorneys, hereby remove the above-captioned case pending in the Court

---

[1]     Plaintiff appears to incorrectly identify JPMorgan Chase & Co. as J.P. Morgan Chase & Co.

of Common Pleas of Allegheny County, Pennsylvania, to the United States District Court for the Western District of Pennsylvania. The grounds for removal are set forth below. [2]

## SUMMARY

1. This Court has original jurisdiction over this matter under 28 U.S.C. § 1332, as amended by the Class Action Fairness Act of 2005 ("CAFA"), and all the claims and causes of action in the matter may be removed to this Court under 28 U.S.C. § 1453.

2. This Court also has original jurisdiction over this matter pursuant to the charter of plaintiff Federal Home Loan Bank of Pittsburgh ("Plaintiff" or "Pittsburgh FHLB"), and all the claims and causes of action in the matter may be removed to this Court under 28 U.S.C. § 1441.

## PROCEDURAL HISTORY

3. On September 23, 2009, Pittsburgh FHLB filed this action by filing a Summons and Complaint in the Court of Common Pleas of Allegheny County, Pennsylvania. The case, entitled *Federal Home Loan Bank of Pittsburgh v. J.P. Morgan Securities Inc. et al.*, was assigned the case number GD-09-016892.

4. Plaintiff served the Removing Defendants with the Summons and Complaint on or about October 5, 2009. In accordance with 28 U.S.C. § 1446(a), copies of process, pleadings, and orders served upon the Removing Defendants are attached hereto as Exhibit A. On information and belief, the earliest date Plaintiff served any of the Removing Defendants is on or about October 1, 2009. Copies of affidavits of service filed by Plaintiff and available from the Court of Common Pleas of Allegheny County, Pennsylvania are attached hereto as Exhibit B.

---

[2]  The Removing Defendants specially appear for the purposes of removal only and for no other purpose, and they reserve all defenses, whether jurisdictional or otherwise, available to them.

2

5.  The Complaint alleges, among other things, that certain prospectuses and other offering materials filed in connection with mortgage-backed securities identified by CUSIPs 46628LAS7 ("LAS7"), 46628YAW0 ("YAW0"), 46628YAC4 ("YAC4"), 46632BAH7 ("BAH7"), 46632BAE4 ("BAE4"), 46632DAK6 ("DAK6"), 46632DAB6 ("DAB6"), and 161639AG4 ("AG4") (collectively, the "Certificates") contained misstatements and omissions in violation of Sections 11, 12, and 15 of the Securities Act of 1933, 15 U.S.C. §§ 77k, 77l, and 77o (the "1933 Act"); the Pennsylvania Securities Act of 1972, 70 P.S. § 1-501; and state common law.

6.  Certain of the Certificates are currently included in consolidated putative class actions involving very similar allegations that are pending in the United States District Court for the Eastern District of New York, *Plumbers' & Pipefitters' Local #562 Supplemental Plan & Trust v. J.P. Morgan Acceptance Corp. I et al.*, Docket No. 08-cv-1713 (ERK) (the "Plumbers' & Pipefitters' Action"), and in the United States District Court for the Southern District of New York, *Fort Worth Employees' Retirement Fund v. J.P. Morgan Chase & Co. et al.*, Docket No. 09-cv-3701 (JGK) (the "Fort Worth Action").

7.  The Plumbers' & Pipefitters' Action was initially filed in the Supreme Court of the State of New York, County of Nassau on or about March 8, 2008, and was removed to the United States District Court for the Eastern District of New York on or about April 25, 2008. The Fort Worth Action was initially filed in the Supreme Court of the State of New York, County of New York, Commercial Division on or about March 12, 2009, and was removed to the United States District Court for the Southern District of New York on or about April 10, 2009. Copies of the Complaints in those actions are attached hereto as Exhibits C and D, respectively.

3

8. The Removing Defendants' time to answer the Summons and Complaint has not expired, and none of the Removing Defendants has served or filed an answer.

9. No further proceedings have occurred in this action in the Court of Common Pleas of Allegheny County, Pennsylvania.

10. This Notice of Removal is timely under 28 U.S.C. § 1446(b) because it is being filed within thirty days after receipt of the Summons and Complaint.

## REMOVAL UNDER THE CLASS ACTION FAIRNESS ACT OF 2005

11. This action is removable under 28 U.S.C. § 1453(b) pursuant to the Class Action Fairness Act ("CAFA"). CAFA provides that the

> district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which—
>
> (A) any member of a class of plaintiffs is a citizen of a State different from any defendant;
>
> (B) any member of a class of plaintiffs is a foreign state or a citizen or subject of a foreign state and any defendant is a citizen of a State; or
>
> (C) any member of a class of plaintiffs is a citizen of a State and any defendant is a foreign state or citizen or subject of a foreign state.

28 U.S.C. § 1332(d)(2).

12. CAFA also extends the meaning of the term "class action," for the purpose of removal under 28 U.S.C. § 1453, to encompass a "mass action." *Id.* § 1332(d)(11)(A). The term "mass action" is defined to mean "any civil action . . . in which monetary relief claims of 100 or more persons are proposed to be tried jointly on the ground that the plaintiffs' claims involve common questions of law or fact." *Id.* § 1332(d)(11)(B)(i). This case is a removable mass action within the meaning of CAFA.

4

13. Plaintiff is one of twelve Federal Home Loan Banks created by Congress under the Federal Home Loan Bank Act of 1932. Compl. ¶ 2. Plaintiff is a cooperative institution that is owned by approximately 320 member financial institutions that are also its primary customers (the "FHLB members"). *Id.* ¶ 1; Federal Home Loan Bank of Pittsburgh, Form 10-Q (filed August 12, 2009) ("Pittsburgh FHLB 10-Q") at 5, which is attached hereto as Exhibit E.

14. Plaintiff seeks to try jointly as its own claim the claims of its approximately 320 members. Plaintiff alleges that "the Defendants' conduct has also affected the members of Pittsburgh FHLB and their communities. Because of the conduct of the Defendants (and others), Pittsburgh FHLB announced in late December 2008 that it was suspending its dividends to its members." Compl. ¶ 101; *see also id.* ¶ 3 ("Pittsburgh FHLB, historically, provided its members with a dividend – at least it did so until the losses caused by the Defendants and others forced it to suspend the payment of a dividend in late 2008."). Although they are not identified as plaintiffs in the caption of the complaint, the FHLB members are the true parties in interest in this action. *See, e.g., Louisiana v. Allstate Ins. Co.*, 536 F.3d 418, 429-30 (5th Cir. 2008) (holding that removal is proper on the grounds that individuals not identified as plaintiffs in complaint by Louisiana Attorney General are mass action plaintiffs within the meaning of CAFA). Thus, this action seeks to try jointly the claims for monetary relief of more than 100 persons whose claims involve common questions of law and fact.

15. This action satisfies CAFA's minimal diversity requirement. *See* 28 U.S.C. § 1332(d)(2)(A). Many of the FHLB members are citizens of a state different from any defendant. The FHLB members maintain their respective principal places of business in Delaware, Pennsylvania and West Virginia. *See* Pittsburgh FHLB 10-Q at 5. On information and belief, 236 of the FHLB members are citizens of Pennsylvania, and 61 are citizens of West Virginia.

5

*See* http://www.fhlb-pgh.com/about-us/our-customers.html (listing Plaintiff FHLB's members as of October 1, 2009), which is attached hereto as Exhibit F. On information and belief, as well as according to Plaintiff's allegations, no defendant is a citizen of either Pennsylvania or West Virginia. *See* Compl. ¶¶ 4-9.

16.     The amount in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs. Plaintiff alleges that it purchased the Certificates in the following face amounts: LAS7 for $100 million (Compl. ¶ 28); YAC4 for $84.8 million (*id.* ¶ 30); YAW0 for $141.1 million (*id.*); BAH7 for $367.2 million (*id.* ¶ 32); BAE4 for $340.9 million (*id.*); DAK6 for $257.8 million (*id.* ¶ 34); DAB6 for $302.6 million (*id.*); and AG4 for $128 million (*id.* ¶ 36). Plaintiff thus alleges that it purchased the Certificates for the sum total of approximately $1.72 billion. Plaintiff further alleges that the Certificates are presently worth 60% of their par value, or approximately $1.01 billion. *See* Compl. ¶ 26. Consequently, Plaintiff alleges that the Certificates have lost 40% of their par value, or approximately $688.96 million. *See id.* While the Removing Defendants deny that Plaintiff or any of its constituent members is entitled to recover any amount, and specifically deny that Plaintiff or any of its constituent members is entitled to relief on the basis of the claims asserted in the Complaint, Plaintiff's alleged loss of approximately $688.96 million far exceeds the $5 million amount-in-controversy requirement.

17.     In addition, original jurisdiction exists over the claims of the FHLB members, whose alleged losses are, on average, well in excess of the minimum amount-in-controversy requirement of $75,000. *See* 28 U.S.C. § 1332(d)(11)(B)(i).

18.     Plaintiff has the burden of proving that any exceptions to CAFA apply. Regardless of who bears the burden, CAFA's exceptions to jurisdiction in 28 U.S.C. §§ 1332(d)(4), (5), (9), and (11) do not apply here.

6

a. First, the exceptions in Sections 1332(d)(4)(A) and (B) for actions involving classes consisting largely of citizens of the state in which the action was originally filed do not apply because, among other reasons, none of the defendants in this action are citizens of Pennsylvania. *See* 28 U.S.C. § 1332(d)(4).

b. Second, the exception in Section 1332(d)(5)(A) does not apply because the defendants are individuals and corporate and other private entities, not "States, State officials, or other governmental entities." 28 U.S.C. § 1332(d)(5)(A).

c. Third, the exception in Section 1332(d)(5)(B) does not apply because the number of putative class members is alleged to be greater than 100. *See* 28 U.S.C. § 1332(d)(5)(B). Specifically, Plaintiff seeks to try jointly as its own claim the claims of its approximately 320 members. *See supra* ¶¶ 12-13.

d. Fourth, the exceptions in Section 1332(d)(9) do not apply because this case does not solely involve a claim: (1) concerning a "covered security" under Section 16(f)(3) of the Securities Act (15 U.S.C. § 78p(f)(3)); (2) relating to the internal affairs or governance of a corporation or other form of business enterprise is incorporated or organized; or (3) relating to the rights, duties (including fiduciary duties), and obligations relating to or created by or pursuant to any security (as defined under Section 2(a)(1) of the Securities Act (15 U.S.C. § 77b(a)(1)) and the regulations issued thereunder). *See* 28 U.S.C. § 1332(d)(9); *Estate of Pew v. Cardarelli*, 527 F.3d 25, 33 (2d Cir. 2008); *N.J. Carpenters Vacation Fund v. HarborView Mortgage Loan Trust 2006-4*, 581 F. Supp. 2d 581, 589-90 (S.D.N.Y. 2008).

e. In addition, none of the bases for discretionary declination of jurisdiction under Section 1332(d)(3) applies, because none of the defendants in this action are citizens of Pennsylvania. *See* 28 U.S.C. § 1332(d)(3); *supra* ¶ 14 (citing Compl. ¶¶ 4-9).

7

f.  Finally, none of the other restrictions on federal jurisdiction apply, nor do any of the exceptions to the definition of "mass action." *See* 28 U.S.C. § 1332(d)(11)(B)(ii).

19.  Section 1453 controls over the anti-removal provision in Section 22(a) of the 1933 Act, 15 U.S.C. § 77v(a). Although there is a split in authority between circuits that have considered this issue, the more recent cases hold that 1933 Act claims are removable under CAFA. *See Katz v. Gerardi*, 552 F.3d 558, 562 (7th Cir. 2009) (Easterbrook, J.); *N.J. Carpenters*, 581 F. Supp. 2d at 588 (relying on *Estate of Pew*, 527 F.3d at 25, and *California Public Employees' Retirement System v. WorldCom, Inc.*, 368 F.3d 86 (2d Cir. 2004)).

20.  Because the requirements of CAFA are satisfied, the Removing Defendants are entitled to have this case heard in federal court rather than state court.

21.  Consent to removal is not required with respect to removal under CAFA. *See* 28 U.S.C. §§ 1453(b) & 1452. In any event, all Defendants join in this Notice of Removal and consent to the removal of this action to this Court, subject to and without waiving any defenses and rights available to them.

## REMOVAL UNDER 28 U.S.C. § 1441

22.  This action is also removable under 28 U.S.C. § 1441, which provides that:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

23.  The district court has original jurisdiction over this matter pursuant to Pittsburgh FHLB's charter. Pittsburgh FHLB's charter is codified, by federal statute, in the Federal Home Loan Bank Act, 12 U.S.C. § 1421, et seq. The Act provides that all Federal Home Loan Banks "shall have the power . . . . to sue and be sued, to complain, and to defend, in any court of

8

competent jurisdiction, State or Federal." *See* 12 U.S.C. § 1432(a). The Supreme Court has held that "a congressional charter's 'sue and be sued' provision may be read to confer federal court jurisdiction" where, as here, "it specifically mentions the federal courts." *Am. Nat'l Red Cross v. S.G.*, 505 U.S. 247, 255 (1992).

24. Section 22(a) of the 1933 Act, 15 U.S.C. § 77v(a), does not preclude removal under 28 U.S.C. § 1441 because Plaintiff's claims under the 1933 Act are wholly insubstantial and thus, must be disregarded.

25. Among other things, Plaintiff's claims under the 1933 Act are barred by 15 U.S.C. 77m, which provides that:

> No action shall be maintained to enforce any liability created under section 77k or 77l (a)(2) of this title unless brought within one year after the discovery of the untrue statement or the omission, or after such discovery should have been made by the exercise of reasonable diligence, or, if the action is to enforce a liability created under section 77l (a)(1) of this title, unless brought within one year after the violation upon which it is based. In no event shall any such action be brought to enforce a liability created under section 77k or 77l (a)(1) of this title more than three years after the security was bona fide offered to the public, or under section 77l (a)(2) of this title more than three years after the sale.

26. Plaintiff's Section 11 claims under the 1933 Act against the Rating Agency Defendants are also barred because the Rating Agency Defendants are not within the categories of persons that may be sued under Section 11.

27. Plaintiff's Section 11 claims under the 1933 Act against at least certain of the J.P. Morgan Defendants are likewise barred because at least certain of the J.P. Morgan Defendants are not within the categories of persons that may be sued under Section 11.

## OTHER PROCEDURAL REQUIREMENTS

28. Promptly upon the filing of this Notice of Removal, a true copy of this Notice of Removal will be provided to all adverse parties pursuant to 28 U.S.C. § 1446(d). Pursuant to

9

Fed. R. Civ. P. 5(d), the Removing Defendants will file with this Court a Certificate of Service of Notice to Adverse Parties of Removal to Federal Court.

29. Concurrently with the filing of this Notice of Removal, the Removing Defendants are filing a Notice of Filing of Notice of Removal with the Clerk for the Court of Common Pleas of Allegheny County, Pennsylvania in accordance with 28 U.S.C. § 1446(d).

30. This Notice of Removal is signed pursuant to Fed. R. Civ. P. 11. *See* 28 U.S.C. § 1446(a).

31. All Defendants join in this Notice of Removal and consent to the removal of this action to this Court, subject to and without waiving any defenses and rights available to them.

WHEREFORE, this action should proceed in the United States District Court for the Western District of Pennsylvania, as an action properly removed thereto.

Dated: October 23, 2009

Respectfully submitted,

/s/ Samuel W. Braver
Samuel W. Braver
PA I.D. No.: 19682
BUCHANAN INGERSOLL & ROONEY PC
One Oxford Centre
301 Grant Street, 20th Floor
Pittsburgh, PA 15219-1410
Telephone: (412) 562-8939
Facsimile: (412) 562-1041
samuel.braver@bipc.com

-and-

A. Robert Pietrzak
Dorothy J. Spenner
Owen H. Smith
(*pro hac vice* applications forthcoming)
SIDLEY AUSTIN LLP
787 Seventh Avenue
New York, NY 10019
Telephone: (212) 839-5300

10

Facsimile: (212) 839-5599
rpietrzak@sidley.com
dspenner@sidley.com
osmith@sidley.com

*Attorneys for Defendants J.P. Morgan Securities Inc., J.P. Morgan Mortgage Acquisition Corp., J.P. Morgan Mortgage Acceptance Corporation I, Chase Home Finance L.L.C., Chase Mortgage Finance Corporation, and JPMorgan Chase & Co.*


/s/ Walter P. DeForest
Walter P. DeForest
PA I.D. No.: 05009
DEFOREST KOSCELNIK YOKITIS KAPLAN & BERARDINELLI
3000 Koppers Building
436 Seventh Avenue
Pittsburgh, PA 15219
Telephone: (412) 227-3101
Facsimile: (412) 227-3130

-and-

Floyd Abrams
Susan Buckley
Tammy L. Roy
(*pro hac vice* applications forthcoming)
CAHILL GORDON & REINDEL LLP
80 Pine Street
New York, New York 10005
Telephone: (212) 701-3000
Facsimile: (212) 269-5420

*Attorneys for Defendant The McGraw-Hill Companies, Inc.*

/s/ Mark A. Willard
Mark A. Willard
PA I.D. No.: 18103
ECKERT SEAMANS CHERIN & MELLOTT, LLC
U.S. Steel Tower
600 Grant Street, 44th Floor
Pittsburgh, Pennsylvania 15219

11

Telephone: (412) 566-6171
Facsimile: (412) 566-6099

- and -

Joshua M. Rubins
James J. Coster
James Regan
(*pro hac vice* applications forthcoming)
SATTERLEE STEPHENS BURKE & BURKE LLP
230 Park Avenue
New York, New York 10169
Telephone: (212) 818-9200
Facsimile: (212) 818-9606

*Attorneys for Defendants Moody's Corporation and Moody's Investors Service, Inc.*


Martin Flumenbaum
Roberta A. Kaplan
Andrew J. Ehrlich
(*pro hac vice* applications forthcoming)
PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York, NY 10019
(212) 373-3000
(212) 757-3990

*Attorneys for Fitch, Inc.*

12

# CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify that the within Notice of Removal was served upon the following individuals on this 23d day of October, 2009, at the following address:

Walter P. DeForest
DEFOREST KOSCELNIK YOKITIS
KAPLAN & BERARDINELLI
3000 Koppers Building
436 Seventh Avenue
Pittsburgh, PA 15219
deforest@dkykb.com
**Served via e-mail**

Mark A. Willard
ECKERT SEAMANS CHERIN
& MELLOTT, LLC
U.S. Steel Tower
600 Grant Street, 44th Floor
Pittsburgh, PA 15219
mwillard@eckertseamans.com
**Served via e-mail**

Martin Flumenbaum
Roberta A. Kaplan
Andrew J. Ehrlich
PAUL, WEISS, RIFKIND, WHARTON
& GARRISON LLP
1285 Avenue of the Americas
New York, NY 10019
m.flumenbaum@paulweiss.com
r.kaplan@paulweiss.com
a.ehrlich@paulweiss.com
**Served via e-mail**

Floyd Abrams
Susan Buckley
Tammy L. Roy
CAHILL GORDON & REINDEL LLP
80 Pine Street
New York, NY 10005
f.abrams@cahill.com
s.buckley@cahill.com
t.roy@cahill.com
**Served via e-mail**

Joshua M. Rubins
James J. Coster
James Regan
SATERLEE STEPHENS BURKE
& BURKE LLP
230 Park Avenue
New York, NY 10169
jrubins@ssbb.com
jcoster@ssbb.com
jregan @ssbb.com
**Served via e-mail**

Daniel P. Lynch
William J. Wyrick
Lynch Weis, LLC
501 Smith Drive, Ste. 3
Cranberry Township, PA 16066
**Served via Hand Delivery**

/s/ Samuel W. Braver
Samuel W. Braver

#4744051-v1

13